**Siti Marhaenny RAHAYUNINGSIH; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–70011.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2011.*

Filed June 7, 2011.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

James Robert Canfield, James Canfield, San Jose, CA, for Petitioners.

Tiffany Walters Kleinert, David V. Bernal, Assistant Director, Colette Jabes Winston, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

Siti Marhaenny Rahayuningsih and her family, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that petitioners failed to establish past persecution or an objectively reasonable fear of future persecution on account of a protected ground, because they did not demonstrate that the persons who attempted to force Rahayuningsih to return her adopted daughter to the daughter's biological mother were motivated by more than a personal dispute. *See id.* at 1015–16 (9th Cir.2010) (the Real ID Act requires a protected ground to be "one central reason" for the persecution). Accordingly, petitioners' asylum claim fails.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.